THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA PENA,<br><br>Defendant. | CASE NO. CV 00-1201 AHM (Ex)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## INTRODUCTION

This case is before the Court on plaintiff United States of America's ("plaintiff") motion for summary judgment ("Motion"). On February 2, 2000, plaintiff filed a Complaint against defendant Maria Pena ("defendant") alleging a single cause of action for default on a promissory note. Plaintiff seeks $1,804.68 in principal, $230.74 in accrued interest, $40.00 in collection costs, $190.00 in other costs[1], and $380.46 in attorneys' fees. Defendant does not contest defaulting on the promissory note and has not filed an opposition to plaintiff's motion for summary judgment. For the reasons set forth below, the Court GRANTS plaintiff's motion for summary judgment.

///
///

---

[1] Other costs include $150.00 in fees of the Clerk and $40.00 in fees for service of summons.

## FACTUAL BACKGROUND

The following facts are not in dispute:

On April 12, 1988, defendant executed a promissory note pursuant to the Federal Family Education Loan ("FFEL") Program. Motion at 4:3-5. Under the FFEL Program, student loans made by any lending institution are guaranteed by State or non-profit guarantee agencies. 20 U.S.C. § 1071 *et seq.* If a student defaults, the Department of Education reimburses the guarantee institution and takes assignment of the loan. *Id.* Defendant executed her student loan in favor of EDUCAID in the amount of $2,625 with an 8% interest rate. Separate Statement of Undisputed Material Facts at ¶ 1. Repayment on the loan was to begin six months after defendant was no longer at least a half-time student. *Id.* at ¶ 3. The promissory note indicates that defendant's anticipated graduation date was October 21, 1988. Promissory Note. Defendant defaulted on the promissory note on May 21, 1989. *Id.* at ¶ 4. Northstar Guarantee, Inc. paid EDUCAID $2,799.21, the amount due on the promissory note as of May 21, 1989. *Id.* at ¶ 5. The Department of Education reimbursed Northstar Guarantee, Inc. the $2,799.21. *Id.* After Northstar Guarantee, Inc. was unsuccessful in collecting the loan, the Department of Education took assignment of the promissory note on June 24, 1993. *Id.* at ¶ 6.

## LEGAL STANDARDS

Fed. R. Civ. P. 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(d) permits the entry of partial summary judgment. The Supreme Court clarified the standard for summary judgment in three important cases. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party bears the initial burden of demonstrating the absence of a "genuine

issue of material fact for trial." *Anderson*, 477 U.S. at 256. A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. If the moving party seeks summary adjudication with respect to a claim or defense upon which it bears the burden of proof at trial, its burden must be satisfied by affirmative admissible evidence. By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325.

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Pro. Rule 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id.*

In assessing whether the non-moving party has raised a genuine issue, its admissible evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255 (*citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970)). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Id.* at 252. The evidence relied upon must be admissible under the rules governing the admission of evidence generally. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1989). As the Court explained in *Matsushita*:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

*Matsushita*, 475 U.S. at 586-87.

## DISCUSSION

In its Motion, plaintiff argues that there is no genuine issue of material fact that defendant defaulted on her student loan. Motion at 1:7-9. Thus, plaintiff seeks repayment of the loan plus other costs. *Id.* at 2:1-6. The pleadings and documents attached to plaintiff's

3

1  Motion conclusively show that no issue of material fact exists that plaintiff defaulted on the
2  loan. In fact, defendant admits in her answer that she defaulted on the loan because of financial
3  difficulties. Answer at 1:28. Thus, the only issue to decide is the amount of charges defendant
4  owes plaintiff in addition to the principal balance and accrued interest. Plaintiff claims that it
5  is entitled to (1) $40.00 in collection costs and $190.00 in other costs and (2) $380.46 in
6  attorneys' fees. The Court will consider each claim separately.

## I. COLLECTION COSTS AND OTHER COSTS

Plaintiff argues that defendant owes $40.00 in collection costs and $190.00 in other costs for fees of the Clerk and fees for service of summons. Declaration of Lynda Faatalale[2] at 3:18-20; Declaration of Carl N. Marschall[3] at 1:23-25. 20 U.S.C. § 1091a(b)(1), provides, in relevant part, that "[n]otwithstanding any provision of State law to the contrary--a borrower who had defaulted on a loan made under this subchapter . . . shall be required to pay, in addition to other charges specified in this subchapter and part C of subchapter I of chapter 34 of Title 42, reasonable collection costs." Pursuant to § 1091a(b)(1), plaintiff is entitled to recover the $40.00 collection cost.

Plaintiff is also entitled to the other costs for fees of the Clerk and fees for service of summons pursuant to Local Rule 16. Local Rule 16.1 expressly provides: "Unless otherwise ordered by the Court, a prevailing party shall be entitled to costs." The Court finds that defendant owes plaintiff the $190.00.

## II. ATTORNEYS' FEES

Plaintiff argues that state law governing the award of attorneys' fees is not pre-empted by the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq.* Motion at 5:2-4 (*citing Trustees of Tufts College v. Ramsdell*, 554 N.E.2d 34 (1990)). Thus, plaintiff asserts that if defendant's promissory note contains a provision for the award of attorneys' fees, the Court may award attorneys' fees according to that provision. *Id.* at 5:6-7. Here, the Court cannot

---

[2] Lynda Faatalale is the Loan Analyst for the United States Department of Education.

[3] Carl N. Marschall is plaintiff's attorney.

4

determine whether the promissory note includes a provision for the collection of attorneys' fees because the copy of the promissory note attached to the Motion is obstructed by a form. Moreover, nothing in the record indicates, and plaintiff does not argue, that the promissory note contains a provision for the award of attorneys' fees. Thus, the Court does not grant the $380.46 for attorneys' fees that plaintiff requests.

In the alternative, plaintiff argues that if the promissory note does not contain a provision for the award of attorneys' fees, plaintiff is entitled to a 10% surcharge of the amount of the debt pursuant to 28 U.S.C. § 3011(b). Section 3011 provides:

> In an action or proceeding under subchapters B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

Subchapters B and C pertain to prejudgment and postjudgment remedies. Plaintiff is not entitled to a 10% surcharge to recover attorneys' fees on a motion to collect on a debt pursuant to 20 U.S.C. § 3011. *See United States v. Sackett*, 114 F.3d 1050 (10th Cir. 1997) (denying the surcharge on summary judgment because plaintiff was not seeking a prejudgment or postjudgment remedy); *see also United States v. Rostoff*, 164 F.3d 63, 73 (1st Cir. 1999) (holding that § 3011 does not apply to an action to obtain a judgment on a debt because it is not a prejudgment or postjudgment action). In *Sackett*, the United States brought an action to recover on a defaulted student loan. *Sackett*, 114 F.3d at 1050. As here, the United States moved for summary judgment. *Id.* The Tenth Circuit held that the United States was entitled to attorneys' fees because the promissory note included a provision for collection of attorneys' fees. *Id.* at 1053. However, the Court found that the district court's award of a 10% surcharge pursuant to § 3011 as an alternative to attorneys' fees was inappropriate because "a surcharge pursuant to § 3011 is not available in an action to obtain judgment on a debt, but is instead limited to prejudgment or postjudgment actions or proceedings." *Id.* at 1053. The Court reasoned that:

> The plain language of § 3011 makes it applicable only to prejudgment or

5

postjudgment procedures. Any other reading would subject a debtor to the surcharge more than once for a single claim-- under subchapter A, § § 3001-3015, in connection with the government's efforts to obtain a judgment, and again should the government pursue any prejudgment or postjudgment remedies under subchapters B or C.

*Id.* This Court finds that § 3011 does not apply to this collection action because, as in *Sackett*, plaintiff is not seeking a postjudgment or prejudgment remedy. Thus, the Court DENIES plaintiff's request for a 10% surcharge of the debt to cover plaintiff's attorneys' fees.

## CONCLUSION

For the foregoing reasons, and good cause appearing therefor, the Court GRANTS plaintiff's motion for summary judgment. Defendant shall pay plaintiff the following: (1)$1,804.68 in principal, (2) $230.74 in accrued interest, (3) $40.00 in collection costs, (4) $190.00 in fees of the Clerk and fees for service of summons.

Plaintiff shall lodge a proposed judgment within ten calendar days of this order.

IT IS SO ORDERED.

DATE: August 18, 2000

_____
A. Howard Matz
United States District Judge

S:\nk\US v. Maria Pena.SJorder2.wpd                               6